Dr. Alex Melvin Wade, Jr.
Paralegal Specialist
Mark W. Stiles
3060 FM 3514
Beaumont, Texas
77705-7638

65,555

RECEIVED IN
COURT OF CRIMINAL APPEALS

DEC 03 2015

Abel Acosta, Clerk

November 25th, 2015

The Honorable Abel Acosta,
Clerk
Texas Court of Criminal Appeals
P.O. Box 12308
Capitol Station
Austin, Texas 78711-2308

Ref.: Cause No.: 65,555-20; In Re: ALEX MELVIN WADE, JR.,
Applicant's Proposed Findings of Fact, Conclusions of law & Order

To The Honorable Justices of said Court:
Enclosed herewith a pleading entitled in the above captioned herein that is to be attached to the recent pleading "Strenuously objecting to the State's Original Answer"filed in the Office of Chris Daniel, Clerk, Harris County, Texas District Court on November 5th, 2015. That filing did not produce a copy of the State's Proposed Findings of fact, conclusions of law and Order. That pleading was received at the location of the housing of Applicant on November 24th, 2015 some 19 days after its filing and some 10 days after signing by Judge Susan Brown, Presiding in the 185th District Court Harris County, Texas.

Applicant is of the opinion, he has 10 days from the date of receipt(notice) of the Order entered transmitting the habeas record to this Court pursuant to Rule 73.3, Texas Rules of Appellate Procedure. Nevertheless, the Applicant objected to the State's Original Answer filed on November 5th, 2015 transmitted with the State's Proposed Finding of fact, conclusions of law and Order dated November 10th, 2015. Applicant explained to this Court, he was in fear of the action that would be taken by the Office of Devon Anderson, District Attorney done by Farnaz Faiaz, Assistant District Attorney, to cause the habeas corpus record manipulated to make it appear Applicant has not filed various pleadings that is part of the record. The Office of Devon Anderson, District Attorney attempt to make it appear that that Office did not file State's Motion Requesting Designation of Issue and its proposed Order dated March 12th, 2014 some 19 months ago.

This Court commanded to Office of Chris Daniel, Clerk, Harris County, Texas Courts, with the habeas record, proof of the date of receipt by the State showing 180 days has not yet elasped, or stating that Relator has filed an application for writ of habeas corpus in Harris County. The Office of Chris Daniel, has not addressed the Order specific demand, * * * which may be made by submitting the record on such habeas application, * * *. The Order of the 185th District Court, appears to circumvent that Order thereby placing the Clerk in contempt of court.

Applicant stress, he will be prejudiced by the Clerk's failure to produce the complete habeas corpus record. The Court can review the record that will show this Applicant has deligently pursued the unresolved claims the State acknowledged intheir filing, which has been deleted from the record, State's Motion Requesting Designation of Issue and of Applicant long list of filing with evidence in support, that is newly discovered evidence and newly relevant evidence that will support his claim of "actual innocence."

Nothing to hide, the Office of Devon Anderson, Harris County, Texas District Attorney should as it must, not that it win a case, it is that justice be done.

Therefore, Applicant request the enclosed pleading entitled as in the above entitled caption herein be made a part of the strenuous objection filed by this applicant, respectively.

Thank you very kindly for your attention in the handling of this matter and command the office of Chris Daniel, Clerk, Harris County, Texas prepare and transmit the entire habeas record allowing this Applicant's due process of law.

Please have the Clerk of this Court acknowledge receipt of this matter as in their normal manner.

Respectfully submitted,

Dr. Alex Melvin Wade, Jr.
Paralegal/Specialist

cc;
Devon Anderson,
District Attorney
c/o Farnaz Faiaz,
Asst. Dist. Atty
1201 Franklin Street, 6th Fl.
Houston, Texas 77002

Dr. Alex Melvin Wade, Jr.
Paralegal Specialist
Mark W. Stiles
3060 FM 3514
Beaumont, Texas7
77705-7636

November 25th, 2015

Leslie Hernandez, Deputy
c/o Chris Daniel,
Clerk
Harris County District Courts
1201 Franklin Street, Ste. 3rd Fl.
Houston, Texas 77002

      Ref.: Cause No.: 1222385-D, Ex Parte Alex Melvin Wade, Jr. In the 185th District Court,
          Harris County, Texas 77002
          Proposed Finding of facts, conclusions of law & Order

Dear Ms. Hernandez:
Enclosed herewith please find the original Applicant's Proposed findings of fact, conclusion
of law and Order. Please have this document marked filed and present to the Chamber's
of Judge Susan Brown, Presiding for her signature signed upon the same.

Please make the Judge know, this Applicant received the State's Proposed findings of fact,
conclusion of law and order was received by applicant at the address displayed therein the certi-
cate of service on November 24th, 2015 some 19 days after filing and ten days after signed
by this court. However, Applicant receipt of the Order of November 24th, 2015 do not begin
the timely reply to the same within ten days of transmittal of the record to the Court of
Criminal Appeal, therefore, Applicant is timely in its filing.

If Judge Brown do not sign the Order, please forward to the Court of Appeals so the same can be
attached to the habeas corpus record presented to the Court of Criminal Appeals to make its
determination on the mandamus that is before that court held in abeyance pending the response
commanded therein, show that the State's time of 180 days has not elapsed from the date
of notice of the filing of the habeas corpus, or stating that Relator has not filed an
application for writ of habeas corpus in Harris County. Forward the original Applicant's
Proposed findings of fact, conclusion of law and order to the Court of Criminal Appeals
in cause number WR-65,555-20.

It appears the record even though incomplete show that 180 days has elasped and that Applicant
has filed a writ of habeas corpus in Harris County, Texas on February 24th, 2014 some 19 months
ago. Therefore, the 180 days has come and gone 3 times since the notice of the habeas corpus
was served upon the Office of Devon Anderson, District Attorney.

I thank you very kindly for your attention in the handling of this matter.

I await your reply.
Sincerely,

Dr. Alex Melvin Wade, Jr.

cc: Farnaz Faiaz, Asst. Dist. Atty.
    Abel Acosta, Clerk, CCA

No. 1222385-D

EX PARTE                                    ⟩    IN THE 185th DISTRICT COURT

                                            ⟩    OF

ALEX MELVIN WADE, JR.,                      ⟩    HARRIS COUNTY, T E X A S
    Applicant.

## APPLICANT'S PROPOSED FINDINGS OF FACT, CONCLUSIONS OF LAW AND ORDER

This Court has considered the original and amended applications for writ of habeas corpus, this is not limited to the State's Motion Requesting Designation of Issue and State's Proposed Order Designating Issue signed by this Court on March 12th, 2014, some 19 months ago. Consideration is herein given to Applicant's voluminous filing with evidence attached thereto, the newly discovered evidence supporting his claim of prosecution's suppression of evidence favorable to the accused, where Brady violation appears to have been committed by the prosecution Applicant has presented evidence showing and supporting his trial attorney Lawrence Cerf, ineffective at critical stages of the proceedings. The Court found there are controverted, previously unsolved facts material to the legality of the Applicant's confinement, where Applicant writs alleges the claim of "actual innocence," which require an evidentiary hearing.

The Court recommends the habeas claims alleged be determined in a evidentiary hearing, Applicant habeas allegations, supported by evidence, are sufficient to overcome the State's Original Answer dated Nov. 5th, 2015, filed by the Office of Devon Anderson, District Attorney, by Farnaz Faiaz, Assistant District Attorney. The State's Answer do not address the State's Request for Designation of Issue filed by Andrew Smith, Assistant District Attorney on March 11th,

2014, there the State's Motion Requesting Designation of Issues are as follows:

1. Whether the applicant is actually innocent in the primary case;

2. Whether the applicant received ineffective assistance of counsel in the primary case;

3. Whether the evidence was insufficient to convict the applicant in the primary case;

4. Whether the State committed a Brady violation in the primary case; and

5. Whether the state allowed perjuried evidence and false testimony in the primary case.

The record is devoid of any State's reply to any of the unresolved designated claims. Applicant has presented to the Clerk of Counrt, Office of Chris Daniel, Clerk of Harris County, Texas District Court pleadings supported with evidence of his unresolved claims, especially his unresolved claim of "actual innocence' where he contends that there is no complainant. Applicant has directed to Court to the Clerk's Record, Vol. 00004, there the complaint is a complaint used in and from an indictment dismissed against applicant 1116862. Applicant directs the Court to testimony provided by State's Chief Witness, Eitan Price of Western World Insurance Group, where the testimony support the Clerk's Record, there is no complainant nor is there a valid complaint showing that Western World Insurance Group filed a complaintt. (See CR-00328 Ln. 13-24)

Applicant depict to have mounted a éredible claim of innocence, applicant has supported his allegations of constitutional error with reliable evidence-whether it be exculpatory scientific evidence, trustworthy eyewitness accounts,

-2-

or critical physical evidence-which appears to be the case here, that was not presented at trial. To determine whether applicant satisfied the burden, court must make a holistic evaluation of all the evidence, old and new, incriminating and exculpatory, without regard to whether it would necessarily be admitted under rules of admissibility that would govern at trial. In a evidentiary, and this Court recommend that one be Ordered, then decide how reasonable jurors, who were properly instructed, would react to the overall, newly supplemented record.

Applicant claim thats unresolved on the "actual innocence," where the complaint filed in the Clerk's Record CR-00004 do not contend Western World Insurance Group filed a complaint.

The Court is aware Texas Law requires that a information must be preceded by, or accompanied by, a valid complaint. Baker v. State, 159 Tex. Crim. 491, 265 S.W. 2d 600. Further Applicant filing as to the "actual innocence" unresoled claim, an indictment not based upon a valid complaint is fatually defective. Baker v. State.

In an evidentiary if applicant can show and State failed to refute the Claim of "actual innocence," based on the indictment which the State went to trial where it based its case as proof where the testimony and evidence proves that applicant commited no offense because there was no offense to commit, the writ must be granted and the conviction reversed. The evidence support a claim of factual innocence of the offense alleged by indictment of "attempted theft."

In light of Schlup v. Delo, 513 U.S. 298, 327(1995), Applicant claim of actual innocence is the gateway to defaultedclaims must be established that,

-3-

in light of new evidence, "it is more likely than not that no reasonable juror would have found him Applicant guilty beyond a reasoanble doubt." See, Bell v. House, 126 S.Ct. 2064, 2076-77(2008)

This Court has considered the rationale of McQuiggin v. Perkins,, 133 S.Ct. 1924(2013), Applicant's evidence, new discovered and relevant evidence attached to pleading filed by applicant in the clerk's office, possess a strong showing of "actual innocence." Applicant applications contain sub-stantive claims in support of the actual innocence, one in specific, ineffective assistance of trial counsel and prosecutional misconduct.

## RECOMMENDATION FOR EVIDENTIARY HEARING

Applicant's filing attached with evidence supporting his claims and this Court is of the opinion and it recommend the Court of Criminal Appeals issue its Order for an evidentiary hearing on applicant unresolved claims as acknowledge by the State's Motion Designating Issue filed by the Office of Devon Anderson District ASttorney for Harris County, Texas, via, Andrew Smith, Assistant District Attorney filed on March 11th, 2014 some 19 months ago. See, Ex Parte Elizondo, 947 S.W., 201, 207(Tex.Crim.App.1996)

## ORDER

THE CLERK IS ORDER to prepare an amended transcipt of áll papers filed in cause number 1222385-D, and transmit same to the Court of Appeals as provided by Tex. Code Crim. Proc. Ann. art 11.07(West 2013) The amended transcipt shall include certified copies of the following documents:

1. The State's Motion Requesting Designation of issue and a filed stamped filing signed by this Court;

2. Applicant's filing labeled as Exhibits in the Clerk's Record online

-4-

filing labeling the filing as exhibits;

3. Applicant's newly discovered evidence, specifically Exhibit "E," "F" letter from the Office Brownsims, Attorneys At Law, dated July 5th, 2007 and letter dated July 16th, 2007.

4. Applicant's Exhibit Z, Z1 & Z2, Banking Records not presented in the trial; Exhibit U, V, W, Capital One, Exhibit "A-1 thru A-4, and;

5. All pleading under any heading filed in the habeas record.

THE CLERK is further ORDERED to send a copy of this Order to State of Texas, Devon Anderson, District Attorney, c/o Farnaz Faiaz, 1201 Franklin Steet, Suite 600, Houston, Texas 77002.

SIGNED this_____day of _____, 2015.

_____
Susan Brown, Presiding

-5-

NO. 1222385-D

EX PARTE             Ⅹ     IN THE 185th DISTRICT COURT

                                 Ⅹ     OF

ALEX MELVIN WADE, JR.,         Ⅹ     HARRIS COUNTY, T E X A S
     Applicant.

## CERTIFICATE OF SERVICE

Service has been accomplished by sending a copy of this instrument to the following:

    Farnaz Faiaz,
    Assistanty District Attorney
    Harris County, Texas
    1201 Franklin, Suite 600
    Houston, Texas 77002


SIGNED this 24th day of November, 2015

Respectfully submitted,

Dr. Alex Melvin Wade, Jr.
Paralegal Specialist
Mark W. Stiles
3060 FM 3514
Beaumont, Texas 77705-7636